IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HENRY X. RESTO-COLON, | : | |
|     Plaintiff | : | |
| | : | No. 1:20-cv-02111 |
|     v. | : | |
| | : | (Judge Kane) |
| SGT. MCCOY, et al., | : | |
|     Defendants | : | |

**MEMORANDUM**

On November 13, 2020, pro se Plaintiff Henry X. Resto-Colon ("Plaintiff"), who is currently incarcerated at the State Correctional Institution in Dallas, Pennsylvania ("SCI Dallas"), initiated the above-captioned case by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Sgt. McCoy ("McCoy"), Lt. Gablick ("Gablick"), and Superintendent Kevin Ransom ("Ransom"). (Doc. No. 1.) Plaintiff has also filed a motion for leave to proceed in forma pauperis. (Doc. No. 2.) Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"),[1] the Court will perform its mandatory screening of Plaintiff's complaint. For the reasons set forth below, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis and dismiss his complaint.

**I.     BACKGROUND**

In his complaint, Plaintiff alleges that on February 14, 2020, he was placed in disciplinary custody in the Restricted Housing Unit ("RHU") at SCI Dallas. (Doc. No. 1 at 4.) On February 21, 2020, officers in the RHU processed Plaintiff's property, and Plaintiff avers that the only property processed was that issued by the Department of Corrections ("DOC"). (Id.)

---

[1] See The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (Apr. 26, 1996).

Plaintiff explained that he had over $500.00 worth of property missing and asked where it was. (Id.)  Plaintiff was informed that his property had been collected on February 18, 2020, four (4) days after he was placed in the RHU.  (Id.)  He avers that all of his administrative claims regarding his property were denied by Defendants.  (Id.)  Plaintiff claims that Defendants violated his Fourteenth Amendment[2] due process rights by negligently failing to collect his property within a reasonable time after he was placed in the RHU.  (Id. at 6-7.)  As relief, Plaintiff seeks compensation for the filing fee for the above-captioned case, his property, and emotional distress.  (Id.)

## II.   LEGAL STANDARD

### A.   Screening and Dismissal of Prisoner Complaints

Under 28 U.S.C. § 1915A, federal district courts must "review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  See 28 U.S.C. § 1915A(a).  If a complaint fails to state a claim upon which relief may be granted, the Court must dismiss the complaint.  See id. § 1915A(b)(1).  District courts have a similar screening obligation with respect to actions filed by prisoners proceeding in forma pauperis and prisoners challenging prison conditions.  See id. § 1915(e)(2)(B)(ii) ("[T]he [C]ourt shall dismiss the case at any time if the [C]ourt determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . ."); 42 U.S.C. § 1997e(c)(1) ("The [C]ourt shall on its own motion or on the motion of a party dismiss

---

[2] Plaintiff states that Defendants' actions violated his rights under the Fifth Amendment to the United States Constitution.  (Doc. No. 1 at 6.)  The Fifth Amendment's Due Process Clause, however, "only applies to federal officials."  See Bergdoll v. City of York, 515 F. App'x 165, 170 (3d Cir. 2013).  In the instant case, Plaintiff has not sued any federal officials.  Plaintiff, however, has sued state officials and, therefore, may rely upon the Fourteenth Amendment's Due Process Clause, which applies to acts committed under color of state law.  See B&G Const. Co. v. Dir., Officers of Workers' Comp. Programs, 662 F.3d 233, 246 n.14 (3d Cir. 2011).

any action brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility if the [C]ourt is satisfied that the action . . . fails to state a claim upon which relief can be granted.").

In dismissing claims under §§ 1915(e), 1915A, and 1997e, district courts apply the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Smithson v. Koons, No. 15-01757, 2017 WL 3016165, at *3 (M.D. Pa. June 26, 2017) ("The legal standard for dismissing a complaint for failure to state a claim under § 1915A(b)(1), § 1915(e)(2)(B)(ii), or § 1997e(c)(1) is the same as that for dismissing a complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure."); Mitchell v. Dodrill, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010) (explaining that when dismissing a complaint pursuant to § 1915A, "a court employs the motion to dismiss standard set forth under Federal Rule of Civil Procedure 12(b)(6)"). To avoid dismissal under Rule 12(b)(6), a civil complaint must set out "sufficient factual matter" to show that its claims are facially plausible. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). The plausibility standard requires more than a mere possibility that the defendant is liable for the alleged misconduct. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679 (citing Fed. R. Civ. P. 8(a)(2)). When evaluating the plausibility of a complaint, the Court accepts as true all factual allegations and all reasonable inferences that can be drawn from those allegations, viewed in the light most favorable to the plaintiff. See id. at 679; In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 314 (3d Cir. 2010). However, the Court must not accept legal conclusions as true, and

"a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

Based on this standard, the United States Court of Appeals for the Third Circuit has identified the following steps that a district court must take when reviewing a Rule 12(b)(6) motion: (1) identify the elements that a plaintiff must plead to state a claim; (2) identify any conclusory allegations contained in the complaint that are "not entitled" to the assumption of truth; and (3) determine whether any "well-pleaded factual allegations" contained in the complaint "plausibly give rise to an entitlement to relief." See Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010). In addition, in the specific context of pro se prisoner litigation, a district court must be mindful that a document filed pro se is "to be liberally construed." See Estelle v. Gamble, 429 U.S. 97, 106 (1976). A pro se complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted) (quoting Estelle, 429 U.S. at 106).

**B.    Section 1983 Standard**

Section 1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. See 42 U.S.C. § 1983. The statute states, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Id. "Section 1983 is not a source of substantive rights," but is merely a means through which "to vindicate violations of federal law committed by state actors." See Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002)). To state a cause of action under Section 1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. See Harvey v. Plains Twp. Police Dep't, 421 F.3d 185, 189 (3d Cir. 2005) (quoting West v. Atkins, 487 U.S. 42, 48 (1988)).

### III. DISCUSSION

#### A. Plaintiff's Complaint

As noted above, the Court has construed Plaintiff's complaint as raising a claim that Defendants violated his Fourteenth Amendment due process rights by losing his personal property when he was moved to the RHU. However, neither negligent nor intentional deprivations of property by state officials give rise to a due process violation if state law provides adequate post-deprivation remedies. See Daniels v. Williams, 474 U.S. 327, 328 (1986) (negligent acts of officials causing unintentional loss of property do not violate due process); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional deprivation of property does not violate due process if meaningful post–deprivation remedy for loss is available).

The Third Circuit has held that the Pennsylvania DOC's grievance procedure constitutes an adequate post-deprivation remedy. See Monroe v. Beard, 536 F.3d 198, 210 (3d Cir. 2008); Tillman v. Lebanon Cty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000). Pennsylvania state law also provides an adequate remedy for prison officials' unlawful deprivation of inmate property. See 42 Pa. Cons. Stat. Ann. § 8522(b)(3); see also Shakur v. Coelho, 421 F. App'x

5

132, 135 (3d Cir. 2011) (noting that the Pennsylvania Tort Claims Act provides adequate remedy for willful destruction of property). In his complaint, Plaintiff asserts that he availed himself of his administrative remedies but received no relief. Thus, an adequate post-deprivation remedy was available to him. To the extent Plaintiff asserts that his grievances were mishandled or wrongfully denied, he has not alleged the denial of a federal right. See Caldwell v. Beard, 324 F. App'x 186, 189 (3d Cir. 2009). Likewise, if dissatisfied with the responses to his grievances, Plaintiff has a suitable remedy to pursue under the Pennsylvania Tort Claims Act. See Hernandez v. Corr. Emergency Response Team, 771 F. App'x 143, 145 (3d Cir. 2019) (noting that "[e]ven if the prison grievance procedures could be considered constitutionally inadequate, Pennsylvania's state tort law would provide an adequate remedy"). Therefore, Plaintiff's Fourteenth Amendment procedural due process claim is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) because Plaintiff cannot state a cognizable constitutional claim.

### B.     Leave to Amend

Due to the applicable liberal pleading standard, a plaintiff should generally be granted leave to amend before a Court dismisses a claim that is merely deficient. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). The Federal Rules of Civil Procedure allow for amendments to be granted liberally in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." See Foman v. Davis, 371 U.S. 178, 182 (1962). The Court may deny a motion to amend where there is "undue delay, bad faith[,] or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." See id. The Court must also determine whether a proposed amendment would be futile if the complaint, as amended, would not survive a motion

to dismiss for failure to state a claim upon which relief may be granted.  See In re NAHC, Inc. Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002).  Based on the foregoing discussion, the Court concludes that it would be futile to permit Plaintiff to file an amended complaint.

## IV.	CONCLUSION

For the foregoing reasons, the Court will grant Plaintiff's motion for leave to proceed in forma pauperis (Doc. No. 2) and dismiss his complaint with prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  Plaintiff will not be permitted to file an amended complaint.  An appropriate Order follows.